UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEFFERY BENJAMIN,

                Plaintiff,

      -against-

POLICE OFFICER BONANNO #21076;
POLICE OFFICER BILISKI #22470,

                Defendants.

------------------------------------------------------------x

**MEMORANDUM AND ORDER**
23-CV-3152 (LDH) (LKE)

LaSHANN DeARCY HALL, United States District Judge:

Jeffery Benjamin ("Plaintiff"), proceeding *pro se*, brings this action against Police Officer Bonanno #21076 and Police Officer Biliski #22470 ("Defendants") pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed.

## BACKGROUND

Plaintiff alleges that on December 16, 2021, Defendants, two New York City Police Officers, accompanied him to his former house to pick up his personal belongings, as provided in an Order of Protection issued by Kings County Criminal Court. (Compl. at 6, 9, ECF No. 1.) Upon being advised that his property was given to a family member, Defendants directed Plaintiff to leave the area. (*Id*. at 6.) Defendants failed to investigate or file a police report concerning Plaintiff's property. (*Id*.) Plaintiff seeks monetary damages. (*Id*. at 6, 10.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff

1

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing *pro se* complaints, the Court must hold the plaintiff's pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

Plaintiff alleges that Defendants violated his constitutional rights when they failed to investigate the disposal of his personal property. Even taking the allegation as true, Plaintiff fails to allege a cognizable claim. Police officers have discretion to conduct investigations and initiate arrests. Indeed, it is well-settled law that police officers are charged with acting for the benefit of the public, not private citizens. *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 760, 765 (2005) (noting the "well established tradition of police discretion" and that "[t]he serving of public rather than private ends is the normal course of the criminal law"). In other words, "police officers have no affirmative duty to investigate complaints, as the government and its agents are under no general duty to provide public services or protection to individual citizens." *Kneitel v. Rose*, No. 19-CV-3742, 2019 WL 3804678, at *2 (E.D.N.Y. Aug. 13, 2019) (internal quotation marks and citation omitted). Plaintiff's claim is dismissed.

Although leave to replead should be liberally granted to *pro se* litigants, "amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, No. 21-CV-1943, 2022 WL 4241355, *3 (2d Cir. Sept. 15, 2022) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Because Plaintiff cannot bring any § 1983 claim against Defendants for failure to investigate, the Court finds that granting leave to amend here would be futile and declines to do so.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is DISMISSED. Further, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith; thus, *in forma pauperis* status is denied for the purpose of an appeal. The Clerk of Court is respectfully directed to enter judgment dismissing the action and mail a copy of this Memorandum and Order and judgment to the *pro se* Plaintiff.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
       July 16, 2024  L<small>A</small>SHANN D<small>E</small>ARCY HALL
           United States District Judge